# EXHIBIT B

Xiaoling Chen MPH

Flushing NY 11355

June 29, 2016

Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: United States v. David Younger
      16 Cr. 348 (JSR)

Dear Judge Rakoff:

  I am writing in support of Dr. David Younger. I am a graduate of the public health program at Drexel University in Philadelphia and now working in the Neuro-epidemiology Division in the Department of Neurology, at New York University (NYU) Langone Medical Center.

  As a native of China I came to this country several years ago to pursue a degree in public health with the desire to expand my horizons in biostatistics with brilliant researchers. I provided Dr. Younger with weekly tutoring in complex areas of statistical data analysis beginning two years ago while he was pursuing his own studies in epidemiology at Columbia's School of Public. After graduating, Dr. Younger invited me to work alongside him in his own research and eventually guiding me toward a funded position at NYU where I now work as a Research Data Associate. As a result of his efforts on my behalf, I have been able to support myself and remain in this country for a while longer while gaining expertise in my field and collaborating on very interesting research projects. The most interesting and meaningful project has been the treatment of the childhood neuropsychiatric illness, PANDAS, that causes tics and obsessive compulsive disorders. Dr. Younger and I have recently published new data that shows that treatment with immune modulatory therapy benefits such children. This important research has already benefited numerous affected patients.

  I understand that Dr. Younger has been charged with filing false tax personal and corporation tax returns and that he has taken legal and financial responsibility for his mistakes. This happened quite a long time ago, as I understand before he went back to school for public health and epidemiology, and while a practitioner in a busy solo practice. I applaud him for his moral character in owning up to his mistakes, admitting his guilt, and then taking control of his own promising future. These actions on his part will always s be an important guidepost for me as I navigate my future life choices.

Dr. Younger has shared with me that he has mentored other international foreign-born students. He has instilled in me integrity and confidence, and I'm certain that other foreign-born students have returned to their own countries more capable of succeeding there because of having trained with Dr. Younger.

Your Honor I thank you for reading this letter and considering its contents. I ask you for your leniency in sentencing him to a lesser sentence so that he will continue to work productively in neurology and public health. For myself, I look forward to the day, years from now, when I am a well-established investigator in my right in China, and can think back to the present period when Dr. Younger provided me with valuable career guidance and I was able to support him as well with this letter.

Respectfully submitted,

*Xiaoling Chen*

Xiaoling Chen, MPH



*Gina Cioffi*

*Long Branch, New Jersey 07740*

June 23, 2016

Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

                        Re:    <u>United States v. David Younger</u>
                                   16 Cr. 348 (JSR)

Dear Judge Rakoff:

I am writing in support of Dr. David Younger who moved mountains to make sure that I fully recovered from a severe facial deformity and a rare neurological disorder brought on by exposure to Lyme disease of the nervous system. It took me over 8 years to find a doctor capable of figuring out what was wrong with me. It took him a day to diagnose and set the course for treatment that eventually led to my restored health.

I was scared and broke and frankly embarrassed that I had gotten a recommendation to call him a year prior to finding the strength to believe that I could get well and to call him. It is hard to understand this statement unless you have been as sick and despairing as I was then. None of the fear and sadness that I brought into the treatment room that first day broke his strong resolve and optimism that I would get well. It was 2007 and he focused so intently on resolving my problems that I wondered if he every stopped thinking about his patients and his work.

My worst fear was that I had succumbed to an incurable brain tumor which instead turned out to be a relentless infection that was treated consecutively with intravenous antibiotics and intravenous immune globulin treatment; and later restorative surgery of the damaged facial nerve. In it all, Dr. Younger made certain that high-tech brain scans and other tests were performed at times and he enrolled me in a patient assistance program. He made sure I was seen by a neurosurgeon, head and neck surgeon, and primary care doctor, all of whom worked collectively for my many needs to effectively carry out his care plan for recovery. The outcome has been tremendous such that most people don't realize how far I have come and what it took to look normal again.

Several years ago, Dr. Younger shared with me the charges that he recently pled guilty to falsely reporting personal expenses on his corporate tax return as medical expenses. He was already taken legal and financial responsibility and engaging a team of accountants and lawyers to rectify the problems.

I have since commiserated that my father also had a difficult legal case. Like Dr. Younger, he took full responsibility. As an attorney, I know all too well that bad things happen and great men and women take responsibility. The sheer harshness of admitting guilt is an ever-present feeling that never leaves you.

And in my own work as a patient advocate, Dr. Younger and I shared common interests in patient-centric health care models. Recognizing his concerned and kind nature, I invited Dr. Younger and his family to attend fundraising events for the Foundation. His interest in our work grew and in 2010, the Foundation asked him to become a member of the Board of Directors. I have since left my position at the Foundation for a new patient advocacy role but I know that the Board is delighted Dr. Younger continues on the Board serving the thalassemia patient community.

I grew up in a simple home, in a simple town in New Jersey. I was taught to give back the best we could. I thought I was doing good things in my work. I never expected to have had such a medical mess in my forties. My goal was always to help others who were ill. However in meeting Dr. Younger, I have learned how to be a better person and professional because I was the patient of a physician who showed me the level of care that is rare but attainable and set the bar for the kind of physician I want for myself and for all the patients I represent.

I am a hopeful person and I hope that in some way my testimony on his behalf will compel you to show as much leniency in sentencing as possible to Dr. Younger, so that he does not lose his license to practice medicine, and so that he may be able continue to practice his profession, helping others to have their spirits and life restored because of the immense care and dedication which defines him.

Respectfully submitted,

*Gina Cioffi*

Gina Cioffi, Esq

Cynthia Shmerler

Pleasantville, NY 10570

June 23, 2016

Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re: United States v. David Younger
16Cr. 348 (JSR)

Dear Judge Rakoff:

    Dr. David Younger saved our son's life. Literally.

    When our then-13-year-old son fainted on top of a mountain while at summer camp in 2009, a victim of the H1N1 virus (or swine flu), we were concerned. When he began to lose feeling in his legs, and then from the waist down entirely, we panicked. And when no local doctor could diagnose what was happening, allowing our helpless teenager not only suffer paralysis but to languish near death, we were at our wits' end.

    Thankfully, we were referred by a friend to Dr. David Younger at NYU Medical Center. We had never met Dr. Younger before but he agreed to see us immediately. Dr. Younger ran exhaustive tests and refused to leave a single stone unturned. He was compassionate, caring and entirely professional. It was Dr. Younger, no one else, who diagnosed Guillain Barre syndrome and began our son on an eight-month course of treatment that not only restored his health but enabled him to play high school varsity tennis when we thought he would never walk again.

    We have always found Dr. Younger to be a top-level physician and researcher. He is also moving forward academically and has shared with us his latest health-care actions and ambitions. He has spent an extraordinary amount of time tirelessly answering questions regarding our son's health, even now when he is no longer a fulltime patient.

    We understand completely the charges for which Dr. Younger has pled guilty and we know that he takes full responsibility for his actions and feels tremendous remorse. He expressed to us that he has taken steps not only toward restitution but has gone back to school to acquire more advanced degrees so that he can help even more people medically.

    I can't, and do not want to, imagine where we would be today if we had not found Dr. Younger. Every time our son, now 20 years old, has a small relapse or health concern, we run right back to Dr. Younger. In short, we need him!

    My husband and I understand and accept the court's decisions but we implore you to consider leniency in sentencing so that Dr. Younger can not only help our son but others in the same situation in the future.

Kindest Regards,

Cynthia Shmerler and Ford Levy



Philip Tierno Jr., Ph.D
Director of Microbiology
Clinical Professor of Microbiology & Pathology

June 21, 2016

Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United states Courthouse
40 Foley Square
New York, NY 10007

Re: United States v. David Younger
16 Cr. 348 (JSR)

Dear Judge Rakoff:

I am submitting this letter on behalf of and in support of Dr. David Younger (MD). I am currently Professor of Microbiology and Pathology at New York University School of Medicine and have recently retired from my Clinical position as Director of Microbiology and Immunology at NYU Langone Medical Center, which I have held for more than 40 years. I have known David for more than 8 years as he is a colleague of mine and a fellow faculty member at the NYU School of Medicine. He is a warm and dynamic individual with a genuine compassion for people. His honesty and frankness have impressed me greatly. He currently holds the rank of Associate Clinical Professor of Neurology. He has numerous publications of original research that he has conducted thus far, as well as numerous presentations that he has given in his chosen field. I have had the good fortune to work closely with Dr. Younger on several research projects, and, currently I am involved with him on a major research project on Lyme disease which includes clinical, microbiologic, ecologic, molecular and epidemiologic aspects. I can therefore most assuredly attest to his abilities in research as well as his excellent standing as a faculty member.

    I have had the opportunity to observe Dr. Younger's ability to relate to his peers. I can most assuredly say that his interpersonal relations with his fellow workers have been exemplary. He exudes an air of a mild-mannered, yet firmly confident individual. In fact, David is not corrupted by convenience or expediency but has disciplined himself to act with the stamina of refined insight, poise and decency. I believe that his compassion, humility and integrity guides his every ambition and strategy. The combination of professional and humanitarian attributes has generated him the admiration and respect of his peers, and has allowed him to become an asset in the field of Neurology.

    David has shared with me that he has pled to the charge of filing false tax personal and corporation tax returns for the year 2008 and that he has taken legal and financial responsibility for his mistakes. I am glad that he has taken legal and financial responsibility for this offense and that he has been able to move on with his personal and professional career despite this.

560 First Avenue, New York, NY 10016 • tel 212.263.5905 • fax 212.263.7922 • Philip.Tierno@nyumc.org

Since committing his offense he returned to school to begin a Master degree in public health at New York University, and seamlessly after, even more challenging studies in epidemiology at Columbia University where he has just graduated with a Master degree. Self-rehabilitated in my mind through the arduous years of further study and contemplation, and invigorated by the excitement of his further accomplishments, he hopes to seek a doctoral degree in epidemiology at Columbia. However for the present time, he remains active and productive in Neurology and Neuro-epidemiology at New York University Langone Medical Center and the School of Medicine, and hopes that he will not suffer loss of his license to practice medicine.

I would like to thank you Judge Rakoff for reading my letter and considering its content. I respectfully urge you to show him leniency for a lesser sentence for two important reasons. Firstly, David shared with me his feelings on the matter and I can attest to his being very distraught, as well as extraordinarily remorseful. Secondly, David S. Younger MD is a great asset to science and medicine, as well as a great physician to his patients because of his specialized knowledge and expertise, so that he may continue to practice and flourish for the sake of his patients.

Respectfully Submitted,

Philip M. Tierno, Jr., Ph.D.

Adam P. Younger



New York NY 10010

September 11, 2016

Honorable Jed S. Rakoff
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Dear Judge Rakoff,

    Thank you for the opportunity to write in support of my father, Dr. David S. Younger, on behalf of my family. I am the older sibling (24 years old), with an 19 year-old brother, Seth.

    Your Honor will only know my father in the circumstances surrounding the case. I truly hope this letter provides some context into his character, the impact he has had on my growing up, and just how sad and difficult it is for me and my family to know that people will have a grossly skewed view of my father as a result of his pleading guilty.

    It still is profoundly stunning to me that my father has admitted committing tax fraud. Throughout my entire childhood growing up, my parents have repeatedly drilled values into my brother and I of honor, integrity, truthfulness, and compassion. This is the father I know.

    During my years in grade and high school, my father was always a very involved parent: helping with homework, staying up late to help finish school projects, and pushing me to always reach my potential. Our relationship faced a special test in my sophomore year of high school. In November 2007, I fractured two vertebrae in my back in after falling off a horse. I was placed in a back brace, put on narcotic medications for pain management, and was confined to home school for 6 months (September-March). Unfortunately, I did not have an observant-enough doctor monitoring my pain medications, and I became addicted. I was forced to seek in-patient care at New York Presbyterian, Payne Whitney Psychiatric Hospital, in White Plains, NY.

    It was my father who gave me the courage and support to move through that time of my life, so that I could return to school. The medications I was taking stole my identity. I became completely convinced that I needed to rely on them. My dad convinced me how much potential I had, and forced me to weigh all that I'd be throwing out if I gave in to the medication, as I wanted to. My dad also counselled me to return to finish out my sophomore year after I overcame my addiction. I was reluctant after being out for so many months but it ended up being the best thing I could've done. My friends were

ecstatic to see me, my teachers provided every accommodation necessary to complete the year in good standing, and I gained the admiration of my classmates for the nightmare I had endured. I finished that year at the top of my class and more importantly, a stronger and healthier individual.

My dad's biggest impact on me at that difficult time was his persistence in convincing me to face my fears and to understand that nothing comes easy in life: you must fight for it. He continued to help and support me when I attended college, and since then, as I have become committed to pursuing a career in public service and law.

My brother Seth just started college at Wesleyan College. Seth is affected by Tourette's Disorder, and he transferred high schools, from Edgemont High School to Horace Mann, so that he could obtain better support and accommodations for his condition. Like me, Seth has relied heavily on my father for guidance, including about overcoming obstacles and achieving his goals.

My dad has been a rock for me and my family even as he dealt with the IRS and the IRS investigation. My mother is a grade school teacher by training and she is the more emotional of my parents. She suffers from bouts of depression. While my mother tries her best to be an optimist, especially for the sake of me and Seth, the criminal case against my father has crumbled her. She is 60 years old, unemployed, and hasn't worked outside the home since having children. She deeply worries about the future, including the possibility that my father might lose the ability to support our family.

The time since my father pled guilty has been incredibly difficult for him and my mother. From the very first time I learned that my father was being investigated my main fear was how the investigation would impact his emotional well-being. Many of my worst fears have come true. News of my father's admission of guilt made the rounds of Westchester County media outlets. My parents have lost friends, and people including his patients have been asking them questions constantly. It is very painful to my parents that my father's name, reputation, and integrity have been stained, particularly when he has worked so hard to be a person of integrity and to help others, including but not limited to his family.

Your Honor, my father is a good man and the heart of my family. He deeply regrets his conduct and is motivated to increase his commitment to serving others. Our family respectfully requests your leniency in sentencing him.

Respectfully Yours,

Adam P. Younger

David S. Younger MD

Scarsdale NY 10583

September 11, 2016

Honorable Jed S. Rakoff
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   United States v. David Younger
    16 Cr. 348 (JSR)

Dear Judge Rakoff,

    It is with a very heavy heart, your Honor, that write regarding my upcoming sentencing and the leniency I seek from the Court. I make no excuses and take full responsibility for my crime. I have had a privileged and rewarding personal and professional life, and have often found myself at the crossroads of opportunity. But I badly strayed from the core values that had served me so well when I represented my personal expenses as business expenses.

    My conduct has been life-shattering. It has been a grueling several years, filled with personal humiliation especially in describing my situation to friends, neighbors, family members, colleagues and patients. These discussions, and all of the other consequences of admitting my crime, have deepened my appreciation for the importance of humility. I have also found that simplicity is a blessing. To provide for my family, to serve my patients, and to better educate myself to continue to serve others, are my priorities now, as they were when I was a young man entering the medical profession. I present myself to you tearfully hopeful that these objectives can be my future pursuits.

    Your Honor, I beg you to consider my crimes in the context of my life. I am a committed spouse and father to my two children, one a freshman in college and another a graduate student in public policy. I have rendered care to countless patients. I cooperated in the IRS investigation and have led an exemplary life in the 8 years since my offense. I obtained the help of legal, accounting and psychiatric professionals to set my affairs straight. I am grateful that colleagues, supervisors, and patients have lent their good names to support my effort to be allowed to continue to support my family and to lead a life that I believe has made important contributions to the lives and well-being of others.

For many years there has been uncertainty in my fate. I have always trusted that justice would be served and that I would find a fair reckoning to my crime. Your Honor, thank you for considering this letter. I entrust my future to the Court.

Respectfully,

David S. Younger